IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
PADUCAH

| | |
|---|---|
| KACEY LEE SIGRIST,<br><br>         *Plaintiff,*<br>v.<br><br>DANIEL BURGDOLF,<br><br>         *Defendant.* | Case No. 5:20-cv-00179 (TBR) |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court upon Defendant Daniel Burgdolf's Motion for Summary Judgment, (Def.'s Mot.), Dkt. 20, and Plaintiff Kacey Lee Sigrist's *pro se* Cross-Motion for Summary Judgment, (Pl.'s Mot.), Dkt. 22. Defendant has responded to Pl.'s Mot, (Resp.), Dkt. 24. Plaintiff has not responded to Def.'s Mot., though the Court has provided Plaintiff with guidance on how to respond to a motion for summary judgment, *see* Order, Dkt. 25. The time for any more responses has elapsed. As such, this matter is ripe for adjudication.

For the reasons that follow, Defendant Daniel Burgdolf's Motion for Summary Judgment, Dkt. 20, is **GRANTED**, and Plaintiff Kacey Lee Sigrist's Motion for Summary Judgment, Dkt. 22, is **DENIED**.

    **I.**      **FACTUAL BACKGROUND**

On February 13, 2019, Kacey Lee Sigrist was pulled over as part of a traffic stop. *See* Compl., Dkt. 1, at 4. The basic story of what happened next, according to Sigrist, is that the officer—Daniel Burgdolf—"racial[ly] profil[ed]," "discriminated" against, and "wrongfully imprisoned" Sigrist. *See id.* Sigrist claims that he "was placed under arrest for (Manufacturing Meth) due to the passenger of the vehicle's possessions." *See id.* Sigrist was indicted on those

1

charges on March 20, 2019, and he was and arraigned on April 16, 2019. *See* Indictment, Ex. B, Dkt. 20-2; *see also* Arraignment, Ex. C, Dkt. 20-3. According to the Complaint, Smith went to trial, and on September 18, 2020, he obtained a not guilty verdict. *See* Compl. at 4.

Shortly thereafter, Sigrist filed the instant *pro se* action under 42 U.S.C. § 1983, suing Daniel Burgdolf in his individual and official capacity. *See id.* In a prior opinion, the Court dismissed the official-capacity claims against Burgdolf. *See* Mem. Op. and Order, Dkt. 12. The parties have now filed cross-motions for summary judgment as to the individual-capacity claims.

## II. LEGAL STANDARD

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matshushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). The plaintiff may accomplish this by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . " Fed. R. Civ. P. 56(c)(1). Neither "conclusory allegations" nor "speculation" nor "unsubstantiated assertions" will suffice to defeat a motion for summary

2

judgment. *Jones v. City of Franklin*, 677 F. App'x 279, 282 (6th Cir. 2017). "[T]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Electronic Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

### III. DISCUSSION

The Court construes Sigrist's Complaint as alleging § 1983 claims for false arrest and illegal search and seizure in violation of the Fourth Amendment. *See* Mem. Op. and Order at 2. Burgdolf argues that all of these claims are barred by the applicable statute of limitations. *See* Def.'s Mot. ¶ 3. For claims made under § 1983, federal courts must apply state law. *See Burnett v. Grattan*, 468 U.S. 42, 48–49 ("It is now settled that federal courts will turn to state law for statutes of limitations in actions brought under [42 U.S.C. § 1983]."). And as a district court located in Kentucky, the Court applies Kentucky law. *See id.* Kentucky law sets out a one-year statute of limitations for all § 1983 actions. *See* Ky. Rev. Stat. Ann. § 413.140(1)(a) and (c) (West) ("The following actions shall be commenced within one (1) year after the cause of action accrued: An action for an injury to the person of the plaintiff, or of her husband, his wife, child, ward, apprentice, or servant; . . . An action for malicious prosecution, conspiracy, arrest, seduction, criminal conversation, or breach of promise of marriage."); *see also Bowden v. City of Franklin, Kentucky*, 13 F. App'x 266, 272 (6th Cir. 2001) ("Plaintiffs' Section 1983 claim must have been brought within one year of accruing.").

The Court looks to federal law to determine the date on which the statute of limitations begins to run in § 1983 actions. *See Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (*citing Kuhnle Bros., Inc. v. County of Geauga*, 103 F.3d 516, 520

3

(6th Cir. 1997)). As discussed below, the Court finds that all of Sigrist's claims were filed over a year after the one-year statute of limitations began to run.

### A. *False Arrest Claims*

"[T]he statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007). The reason for this rule is that: "false imprisonment consists of detention without legal process, a false imprisonment ends once the victim becomes held *pursuant to such process*—when, for example, he is bound over by a magistrate or arraigned on charges." *Id.* at 389 (emphasis in original).

It is unnecessary for the Court to determine exactly when Sigrist was detained pursuant to legal process. In *Wallace*, the Supreme Court listed several examples of when a defendant is held pursuant to legal process, and the date of arraignment was one such example. *Id.* This means that the statute of limitations for Sigrist's § 1983 claim for false arrest at least began to run on the date of his arraignment—April 16, 2019. Consequently, Sigrist, at the latest, was required to file these claims no later than April 16, 2020. However, Sigrist initiated this lawsuit on November 10, 2020. *See* Compl. The Court therefore concludes that Sigrist's claims for false arrest are untimely.

### B. *Illegal Search and Seizure Claims*

"Generally, federal law prescribes that accrual occurs 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.' " *Hornback v. Lexington-Fayette Urb. Cty. Gov't*, 905 F. Supp. 2d 747, 749 (E.D. Ky. 2012), *aff'd*, 543 F. App'x 499 (6th Cir. 2013) (*quoting Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Therefore, the

statute of limitations for a § 1983 claim seeking damages for illegal search and seizure begins to run when the plaintiff had complete knowledge of the illegal search and seizure. *See id.* Most of the time, that means that the statute of limitations begins to run at the time of the illegal search. *See Harper v. Jackson*, 293 Fed. App'x 389, 392 n.1 (6th Cir.2008); *see also Shakleford v. Hensley*, No. CIV. 12-194-GFVT, 2013 WL 5371996, at *4 (E.D. Ky. Sept. 24, 2013) (collecting cases).

In this case, the alleged illegal search and seizure occurred on the day of Sigrist's arrest—February 13, 2019. The Court concludes that Sigrist had complete knowledge of the search and seizure on that date. *See* Compl. Accordingly, Sigrist must have brought all § 1983 claims pertaining to the alleged illegal search and seizure by February 13, 2020. But again, Sigrist filed these claims on November 20, 2020. The Court therefore concludes that Sigrist's claims for illegal search and seizure are likewise untimely.

### IV.    CONCLUSION

For the above stated reasons, **IT IS HEREBY ORDERED** Defendant Daniel Burgdolf's Motion for Summary Judgment, Dkt. 20, is **GRANTED**, and Plaintiff Kacey Lee Sigrist's Motion for Summary Judgment, Dkt. 22, is **DENIED**.

**IT IS SO ORDERED**

　　　　　　　　　　　　　　　　　　　　　Thomas B. Russell, Senior Judge
　　　　　　　　　　　　　　　　　　　　　United States District Court
　　　　　　　　　　　　　　　　　　　　　October 25, 2021

cc: Kacy Lee Sigrist
Calloway County Jail
310 N 4th Street
Murray, KY 42071
PRO SE